Sean W. Scoggin, WSB #6-3263
Carl A. Edelman, WSB #8-6670
Williams, Porter, Day & Neville, P.C.
702 Randall Ave.
P. O. Box 748
Cheyenne, WY  82001
(307) 637-5575 – telephone
(307) 637-5515 – fax
sscoggin@wpdn.net
cedelman@wpdn.net
*Attorneys for Defendant*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| SUSAN E. CHRISTENSEN,              ) | |
| )                                  | |
|     Plaintiff,                      ) | |
| )                                  | |
|   v.                                ) | Case No. 2:24-CV-00077 |
| )                                  | |
| NATRONA COUNTY SCHOOL DISTRICT     ) | |
| NO. 1                              ) | |
| )                                  | |
|     Defendant.                     ) | |

---

**DEFENDANT NATRONA COUNTY SCHOOL DISTRICT NO. 1'S BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

---

Defendant Natrona County School District No. 1, by and through its undersigned counsel, pursuant to Rule 56 of the Federal Rules of Civil Procedure and U.S.D.C.L.R. 7(b)(2), moves for Summary Judgment on both claims asserted by Susan Christensen. In support thereof, Defendant incorporates this *Brief in Support of Motion for Summary Judgment* and all exhibits attached hereto. In support of summary judgment on all claims, Defendant states as follows:

### I.    INTRODUCTION

Plaintiff brought this action on April 9, 2024. [ECF No. 1]. Plaintiff thereafter amended on April 15, 2024. Plaintiff alleges Defendant violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, by allowing her supervisor and peers to harass and mistreat her,

1

culminating in a final act of discrimination on February 13, 2023. [ECF No. 4 at ¶ 26]. Furthermore, Plaintiff alleges Defendant violated the ADA in failing to provide reasonable accommodations for her disabilities. [ECF No. 4 at ¶¶ 43-48]. Plaintiff alleges she is entitled to punitive damages, attorney's fees, actual damages, and other compensatory damages. *Id.*

## II.   FACTS

1. Natrona County School District No. 1 ("NCSD") is a school district in Natrona County, Wyoming. [ECF Nos. 4 and 6, ¶ 6].

2. Plaintiff was a second grade teacher at Sagewood Elementary from 2001 until 2022. [Exhibit 1, Susan Christensen Depo. 18:4-6; 19:4-5].

3. Anna Lavin was Principal at Sagewood Elementary during Plaintiff's last four years. [Exh. 1, 19:4-5]

4. Plaintiff is currently a full-time tutor at Paradise Valley. [Exh. 1, 20: 11-13; 23:11-13].

5. Plaintiff's issues with NCSD began in approximately November 2019. [Exh. 1, 34:7-17].

6. Plaintiff disclosed two *Discrimination Complaint Forms*, neither of which are signed, dated, complete, or indicate they were sent to the EEOC. [Exhibit 2, BATES 034 & 035].

7. Plaintiff did not disclose any alleged *Notice of Right to Sue Within 90 Days* letter from the EEOC that she references in her *Amended Complaint*. [ECF No. 4, ¶ 3d.]

8. Plaintiff requested, and was granted, an air purifier as an accommodation. [Exh. 1, 83:14-22]

9. Plaintiff requested, and was granted, an accommodation to wear a face shield. [Exh. 1, 82:24-83:10].

10. Plaintiff requested, and was granted, an accommodation to use an elevator and receive preferential parking. [Exh. 1, 84:12-85:2, 85:8-86:14, 87:20-22].

11. Plaintiff requested, and was granted, an accommodation to use FMLA for her long-term COVID. [Exh. 1, 85:15-21].

12. Plaintiff did not request any other accommodations. Exh. 1, 87:23-88:7].

13. Plaintiff requested a transfer from her teaching position to a tutor position and that was granted. [Exh. 1, 29:14-21].

14. Plaintiff's new position as a tutor, with the District, is less stressful. [Exh. 1, 20:6-16; 30:6-16].

15. Plaintiff's compensation in her new position is the same as her previous position as a teacher. [Exh. 1, 23:16-17, 29:22-30:1].

16. Plaintiff's complaints of her treatment at Sagewood are: (1) allegations that Stephanie Lovato was spreading rumors and gossiping; (2) that Ms. Lavin was "extremely cold, extremely critical, [and] very callous"; (3) that Ms. Lavin micromanaged her and was hypercritical; (4) that Ms. Lavin would meet with her weekly to identify weaknesses in her teaching, standards, and cleanliness/organization; (5) and the allegation that three of Ms. Lavin's "friends" performed a dance to "Can't Touch This" with cutouts of Ms. Lavin's head in front of students, teachers, parents, and staff. [Exh. 1, 33:14-23; 41:2-25; 43:6-22].

17. Plaintiff admits she was not present for any breach of confidentiality she alleges occurred or personally aware of any staff member learning of her alleged disabilities. [Exh. 1, 54:1-56:21]. Plaintiff admits that from the time that she and Ms. Lavin met, Ms. Lavin was cold, provided direct feedback, and alerted Ms. Christensen to her shortcomings. [Exh. 1, 56:22-58:25]. Plaintiff admits that all of these instances of perceived slights were only her perception. [Exh. 1, 61:3-12].

18. Natrona County School District has more than 500 employees. [Exhibit 3, https://nces.ed.gov/ccd/districtsearch/district_detail.asp?ID2=5604510].

19. On February 17, 2025, Plaintiff served her updated Rule 26 disclosures. [Exhibit 4, *Pltf.'s Supp. Ini. Rule 26 Disc.*]

20. On April 7 and 8, 2025, Defendant served its responses to Plaintiff's first written discovery. [Exhibit 5, *Def.'s Resp. to Pltf.'s 1ˢᵗ Comb. Disc.*, p. 3].

### III.     APPLICABLE LAW

Courts "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute as to a material fact "requires more than the 'mere existence of *some* alleged factual dispute between the parties.'" *Freeman v. City of Cheyenne*, 660 F. Supp. 3d 1155, 1160 (D. Wyo. 2023), aff'd, No. 23-8022, 2024 WL 464069 (10th Cir. Feb. 7, 2024) (citation omitted) (emphasis in original). A dispute must exist as to a material fact and a material fact is one that "might affect the outcome of the suit under governing law." *Id.* (citation omitted). The Court draws all reasonable inferences from the record and in a light most favorable to the nonmoving party. *Id.*

Plaintiff's two claims, hostile work environment as a result of her disability and failure to accommodate are governed by the following legal principles. First, prior to instituting a lawsuit, a claimant must file a charge of discrimination and receive a right to sue letter, thereby exhausting her administrative remedies. *Martin v. Mt. St. Mary's Univ. Online*, 620 Fed.Appx. 661, 663 (10th Cir. 2015) (citing *Gad v. Kansas State Univ.*, 787 F.3d 1032, 1034 (10th Cir. 2015)). Next, a plaintiff making a failure to accommodate claim must make a *prima facie* showing that: she had a disability, she was otherwise qualified[1], she requested a plausibly reasonable accommodation, and that Defendant refused to accommodate her disability. *Freeman*, 660 F. Supp. 3d at 1161.

---

[1] "The term "qualified individual" means an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such

Lastly, "[a] plaintiff claiming hostile work environment 'must show that a rational jury could find that the workplace was permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.' " *McDade v. Weston Cnty. Hosp. Dist.*, No. 23-CV-232, 2024 WL 2153442, at *7 (D. Wyo. Apr. 19, 2024), aff'd, No. 24-8031, 2025 WL 415481 (10th Cir. Feb. 6, 2025) (citing *Williams v. FedEx Corp. Servs.*, 849 F.3d 889, 897 (10th Cir. 2017) (quoting *Penry v. Fed. Home Loan Bank of Topeka*, 155 F.3d 1257, 1261 (10th Cir. 1998)). With respect to the hostile work environment claim, the three-part *McDonnell Douglas* framework applies in determining whether circumstantial evidence is sufficient. *Lounds v. Lincare, Inc.,* 812 F.3d 1208, 1221-24 (10th Cir. 2015).

Under the *McDonnell Douglas* framework, a plaintiff carries the initial burden of establishing a *prima facie* case of a hostile work environment based on a disability. *Id.* at 1221-1222. The burden then shifts to the employer to show a legitimate, non-discriminatory rationale for the adverse action. *Id.* Once the employer shows this, the plaintiff must show that rationale is nothing more than a pretext. *Id.*

Once a qualified individual establishes that a covered entity discriminated against them on the basis of their disability or fails to accommodate, they may be entitled to recover damages. 42 U.S.C. § 1981a.(a)(2-3). Punitive damages may not be recovered against the government, its agencies, or its political subdivisions. 42 U.S.C. § 1981a.(b)(1); *Brown v. Unified Sch. Dist. No. 500, Kansas City, KS*, 338 F. Supp. 2d 1229, 1231 (D. Kan. 2004). Finally, in cases where the

---

individual holds or desires. For the purposes of this subchapter, consideration shall be given to the employer's judgment as to what functions of a job are essential, and if an employer has prepared a written description before advertising or interviewing applicants for the job, this description shall be considered evidence of the essential functions of the job." 42 U.S.C. § 12111(8).

Respondent has in excess of 500 employees, the statutory cap on compensatory damages is $300,000.00. 42 U.S.C. § 1981a.(b)(3)(D). NCSD has more than 500 employees. [Exh. 3].

## IV.    ARGUMENT

### A. Plaintiff failed to exhaust her administrative remedies.

In her *Amended Complaint and Jury Demand*, Plaintiff alleges she "timely filed a complaint of disability discrimination and failure to accommodate under the ADA resulting in hostile work environment and discrimination [with the EEOC]. This was investigated and a *Notice of Right to Sue Within 90 Days* was issued…" [ECF No. 4, ¶ 3d.]. On February 17, 2025, Plaintiff served *Plaintiff's Supplemented Initial Rule 26 Disclosures*. [Exh. 4]. These disclosures contained the exact same documents. Contained in those disclosures were two incomplete, unsigned, and undated *Discrimination Complaint Forms* for the Department of Education's Office of Civil Rights, but no "right to sue" letter issued by the EEOC or evidence that a charge of discrimination was filed with the EEOC.

The issue before the Court is whether the failure to disclose the right to sue letter and related charges of discrimination are fatal to Plaintiff's claims. Under Title VII and the ADA, a plaintiff must exhaust administrative remedies before pursing her claims in court. *Hickey v. Brennan*, 969 F.3d 1113, 1118 (10th Cir. 2020); *see also Green v. Brennan*, 578 U.S. 547, 550 (2016). Furthermore, a plaintiff is under an affirmative obligation to provide affirmative evidence that she filed a charge of discrimination with the EEOC and received a right to sue letter. *McDade*, 2025 WL 415481, at *4; *Montague v. City of Cleveland*, No. 1:22CV1878, 2023 WL 8593408, at *5 (N.D. Ohio Dec. 11, 2023); *Robinson v. Consol. Rail Corp.*, No. CIV.A. 1:07-CV-1641, 2010 WL 3842787, at *1 (M.D. Pa. Sept. 28, 2010); *Nagy v. George*, No. CIV.3:07-CV-368-K (B, 2008 WL 696381, at *3 (N.D. Tex. Mar. 12, 2008); *Paul v. Fed Ex Ground Package Sys., Inc.*, No. CV RDB-07-639, 2007 WL 9782465, at *1 (D. Md. Dec. 5, 2007). This Court entered its *First*

*Amended Order on Initial Pretrial Conference* on February 10, 2025. [ECF No. 24]. That *Order* set the discovery cut-off date for April 7, 2025. *Id*. In response to written discovery served by Plaintiff on Defendant, Defendant indicated it was unaware of Plaintiff's entire history with the EEOC, thereby putting Plaintiff on notice of its failure to disclose its right to sue letter, filed complaints, or other EEOC documents. [Exh. 5, p. 3]. The *Discrimination Complaint Forms* submitted by Plaintiff were incomplete, unsigned, undated, and failed to evidence Plaintiff filed anything with the EEOC or what specific acts she complained of. [*See* Exh 2]. Plaintiff failed to produce a right to sue letter or completed complaint forms indicating exhaustion of her administrative remedies during discovery and such failure is fatal. *Jackson v. AFSCME Michigan Council 25, Loc. 1603*, No. 17-10671, 2019 WL 1399987, at *4 (E.D. Mich. Mar. 28, 2019). Therefore, Defendant is entitled to judgment as a matter of law as no genuine issue of material fact exists on all claims because of this issue.

### B.  Plaintiff has not made a *prima facie* showing of a failure to accommodate.

Plaintiff's first claim, her ADA failure-to-accommodate claim, fails as a matter of law on the third element. As this Court knows, claimants making an ADA failure-to-accommodate claim must demonstrate that (1) she is disabled; (2) she is otherwise qualified; and (3) she requested a plausibly reasonable accommodation that was denied. *Exby-Stolley v. Bd. of Cnty. Commissioners*, 979 F.3d 784, 792 (10th Cir. 2020) (citing *Lincoln v. BNSF Ry. Co*., 900 F.3d 1166, 1204 (10th Cir. 2018) (other citations omitted)). For the purposes of summary judgment, Defendant focuses exclusively on the third element. Plaintiff cannot show that she has made a plausibly reasonable accommodation that has been denied. In fact, it is the contrary. Plaintiff testified in detail about the accommodations she sought from Defendant during her deposition. Plaintiff requested, and was granted, an air purifier, the ability to wear a face shield, use the building's elevator, preferential

parking, and FMLA for her long-term COVID symptoms, as accommodations. [Exh. 1, 83:14-22; 82:24-83:10; 84:12-85:2, 85:8-86:14, 87:20-22; 85:15-21]. All of these requests were granted. [*Id.*] Plaintiff did not request any other accommodations. [Exh. 1, 87:23-88:7]. Plainiff also requested a transfer from her teaching position to a tutor position that was granted [Exh. 1, 29:14-21]. Whether or not Plaintiff's request were reasonable or not, Defendant acquiesced and granted Plaintiff every accommodation she requested. As such, Plaintiff has not made a prima facie showing that she requested a plausibly reasonable accommodation that Defendant denied. Therefore, Defendant is entitled to Judgment on this claim.

## C. Plaintiff has not made a *prima facie* showing of a hostile work environment based on her disability.

Finally, Plaintiff advances a claim for hostile work environment under the ADA based on her disability. ADA hostile work environment claims are analyzed within the same framework as Title VII claims. *Callahan v. Communication Graphics, Inc.*, 657 Fed.Appx. 739, 746 (10th Cir. 2016). First, a Plaintiff must first show that she is disabled within the meaning of the ADA. *Id.* Then a plaintiff must establish that she was subject to unwelcome harassment, that the harassment was based on the alleged disability, and due to the severity or pervasiveness, it altered a term, condition, or privilege of employment and created an abusive working environment. *Id.* Plaintiff failed to show that she was subject to unwelcome harassment, that the harassment was based on an alleged disability, or that, due to the severity or pervasiveness, it altered a term, condition, or privilege of employment and created an abusive working environment. As a result, Defendant is entitled to judgment as a matter of law on her final claim as well.

Plaintiff cannot point to any unwelcome harassment related to any of her alleged disabilities. Plaintiff's complaints at Sagewood are: (1) allegations that Stephanie Lovato was spreading rumors and gossiping; (2) that Ms. Lavin was "extremely cold, extremely critical, [and]

very callous"; (3) that Ms. Lavin micromanaged her and was hypercritical; (4) that Ms. Lavin would meet with her weekly to identify weaknesses in her teaching, standards, and cleanliness/organization; (5) and the allegation that three of Ms. Lavin's "friends" performed a dance to "Can't Touch This" with cutouts of Ms. Lavin's head in front of students, teachers, parents, and staff. [Exh. 1, 33:14-23; 41:2-25; 43:6-22].

Plaintiff offers no admissible evidence, other than unsupported allegations, that any of this was based on her alleged disabilities, her use of medication, or side effects. [ECF No., ¶¶ 16, 26, 38, 39, 41-42; Exh. 1, 43:10-25, 64:10-65:3]. Unsupported conclusory allegations do not create an issue of fact sufficient to defeat a motion for summary judgment. *Thompson v. Caldera*, 109 Fed. Appx. 250, 255 (10th Cir. 2004). Plaintiff admits she was not present for any breach of confidentiality she alleges occurred or personally aware of any staff member learning of her alleged disabilities. [Exh. 1, 54:1-56:21]. Plaintiff admits that from the time that she and Ms. Lavin met, Ms. Lavin was cold, provided direct feedback, and alerted Ms. Christensen to her shortcomings. [Exh. 1, 56:22-58:25]. Plaintiff admits that all of these instances of perceived slights were only her perception. [Exh. 1, 61:3-12]. Other than these unsupported conclusory allegations, Plaintiff has offered no admissible evidence during discovery in support of her claim that her peers, staff, supervisors, or others in Natrona County School District, No. 1, harassed her or created a hostile work environment due to an alleged disability. As a result, Ms. Christensen's hostile work environment fails to establish a genuine issue of material fact on these elements and Defendant is entitled to judgment as a matter of law.

Finally, Plaintiff failed to provide any evidence that due to the severity or pervasiveness, the alleged harassment altered a term, condition, or privilege of employment and created an abusive working environment. The 10th Circuit "recognized that 'Title VII does not establish a general civility code for the workplace' " and that a plaintiff may not predicate a hostile work

environment claim on "the run-of-the-mill boorish, juvenile, or annoying behavior that is not uncommon in American workplaces." *Lounds,* 812 F.3d at 1222 (quoting *Hernandez v. Valley View Hosp. Ass'n,* 684 F.3d 940, 957 (10th Cir. 2012) (other citation omitted)). For harassment to rise to the level where it alters a term, condition or privilege of employment it must be both subjectively and objectively offensive. *Young v. Colorado Dep't of Corrections*, 94 F.4th 1242, 1250 (10th Cir. 2024). Factors courts consider when engaging in the holistic analysis required include, the frequency of the discriminatory conduct, the severity, whether it is physically threatening or humiliating versus a mere offensive utterance, and whether it unreasonably interferes with an employee's work performance. *Id.* Plaintiff fails to plead or offer any specific facts that demonstrate a connection between the alleged broad categories of treatment and her actual workplace experience as she is required to under the *McDonnell Douglas* framework. *Lounds,* 812 F.3d 1233-1234.

The circumstances presented in this case differ drastically, from the severity of conduct the plaintiff was forced to endure to the frequency and evidentiary support plaintiff offered, from those in *Henry v. CorpCar Services Houston*, *Callahan*, *Snow v. Autozoners, LLC*, or *Garcia v. Dep't of Health and Social Services*. 625 F. Appx 607, 608-609 (5th Cir. 2015); 2015 WL 5156888(D. N.D. Ok. 2015), aff'd, 657 Fed. Appx. at 746; 2023 WL 5724941 (D. Utah 2023); 2020 WL 5629784 (D. Wyo. 2020).

The plaintiff in *Henry*, a case where a hostile work environment existed, requested time off for Juneteenth and, after being denied the time, was forced to endure racial harassment directly targeted at him, on Juneteenth and the days surrounding. 625 F. Appx. 608-609. The racist stereotypes and slurs lauded at the *Henry* plaintiff endured for three days. *Id.* There, the actions were the official actions of the company and were clearly objectively severe, hostile, and unwelcome given the circumstances.

10

The circumstances here lack even the facts presented in *Callahan*, *Snow*, or *Garcia*. In *Callahan*, the plaintiff presented testimony that certain supervisors and co-workers called him old, senile, made remarks indicating he was crazy or psychotic, indicated he needed a "padded wagon," left a newspaper on his desk with the word "crazy" written on it, and publicly called him old. *Callahan v. Commc'n Graphics*, No. 13-CV-816-TCK-FHM, 2015 WL 5156888, at *3-4 (N.D. Okla. Sept. 2, 2015), aff'd in part sub nom. *Callahan v. Commc'n Graphics, Inc.*, 657 F. App'x 739 (10th Cir. 2016). The Court found the *Callahan* plaintiff failed to establish the third or fourth elements of a hostile work environment claim. *Id.* In *Snow*, the plaintiff offered direct evidence of seven instances of alleged harassment that occurred over a far shorter period (5 months). 2023 WL 5724941 at *7. That court determined this was insufficient because it was not due to his disability and it was insufficiently severe or pervasive to alter a term of employment. *Id.* Finally, in *Garcia*, the court found that "shadowing" and other forms of supervising could not be found hostile or abusive, especially in light of that plaintiff's self-admitted issues relating to organization. *Garcia v. Dep't of Health & Soc. Servs.*, No. 19-CV-159-SWS, 2020 WL 5629784, at *17 (D. Wyo. Aug. 25, 2020), aff'd sub nom. *Garcia v. Wyoming Dep't of Health & Soc. Servs.*, No. 20-8052, 2021 WL 4844293 (10th Cir. 2021). These latter three cases indicate the distinct difference between what is general workplace conduct and that which gives rise to a hostile work environment. Plaintiff can offer nothing other than unsupported assumptions in support of any specific instances she alleges and broad generalizations as to conduct without any support that anyone knew of her alleged disabilities or that the conduct was based on it.

Here, Plaintiff has failed to show that a term, condition, or privilege of her employment has been altered. She requested a transfer (which is not a reasonable accommodation), was granted the transfer, is still employed with Natrona County School District 1, and cannot point to any term, condition, or privilege of her employment that has changed during her time with the District. [Exh.

1, 29:14-21; 20:2-16]. Nor can she show that any change, which is not present, was a result of mistreatment arising out of her disability. As a result. Defendant is entitled to judgment as a matter of law as no genuine issue of material fact exists.

## V.    CONCLUSION

**WHEREFORE**, Defendant Natrona County School District No. 1 respectfully requests the Court grant it summary judgment on Plaintiff Susan Christensen's claims advanced for the reasons stated herein. Plaintiff failed to administratively exhaust her remedies, the District has not denied her any accommodations, and she has not experienced a hostile work environment.

**DATED** this 1st day of May 2025.

                                                 */s/Carl A. Edelman*
Sean W. Scoggin, Bar No. 6-3263
Carl A. Edelman, Bar No. 8-6670
Williams, Porter, Day & Neville, P.C.
702 Randall Ave.
P. O. Box 748
Cheyenne, WY  82001
(307) 637-5575 – telephone
(307) 637-5515 – fax
sscoggin@wpdn.net
cedelman@wpdn.net
*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

   I hereby certify that on the 1st day of May 2025, a true and correct copy of the foregoing document was served as follows:

| | |
|---|---|
| Cassie Craven | (_) U.S. MAIL |
| Longhorn Law LLC | (_) HAND DELIVERY |
| 109 E. 17th St. Suite 11 | (_) FACSIMILE |
| Cheyenne, WY 82001 | (X) OTHER – CM/ECF Pacer |
| cassie@longhornlawllc.com | |
| *Attorney for Plaintiff* | |

                */s/Carl A. Edelman*
                Williams, Porter, Day & Neville, P.C.